**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 175762015
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Angela Rosario Robles*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELA ROSARIO ROBLES,<br><br>                Plaintiff,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC.,<br><br>                Defendants. | Civil Action No._____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF *and* DAMAGES**<br><br>JURY TRIAL DEMANDED |

## Nature of the Action

1. This is an action for relief from violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

2. Plaintiff seeks actual damages, compensatory damages, punitive damages, statutory penalties, reinstatement, pre- and post-judgment interest, reasonable attorneys' fees and costs of suit as remedies for Defendant's violations of her rights.

## Parties

3. Plaintiff Angela Rosario Robles is an adult individual resident and citizen of the Commonwealth of Pennsylvania.

4. Defendant UPS Supple Chain Solutions, Inc. is a for-profit corporation headquartered in Georgia, which regularly conducts business in the State of New Jersey and maintains an

1

office and warehouse location at 7 Gateway Blvd., Pedricktown, New Jersey 08067. At all relevant times, Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment.

5. Defendant is an employer and Plaintiff was an employee within the meaning of the applicable law. At all relevant times, Defendant employed Plaintiff at its business location at 7 Gateway Blvd., Pedricktown, New Jersey 08067.

6. Defendant systematically and willfully violates workers rights under Section 1981.

## Jurisdiction and Venue

7. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves questions of federal law under the Section 1981.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred here and Defendant is subject to personal jurisdiction here.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## Facts

10. Plaintiff is a 41-year-old Spanish-speaking female of Hispanic/Latino descent.

11. Plaintiff began working for Defendant in May 2019 at its warehouse located at 7 Gateway Blvd., Pedricktown, New Jersey 08067, where Plaintiff was employed until her unlawful termination in October 2019.

12. From the beginning of her employment until her termination, Plaintiff's coworkers and supervisors subjected Plaintiff and Plaintiff's Hispanic/Latino coworkers to daily race-based discrimination and harassment.

13. For example, Plaintiff's non-Hispanic/Latino coworkers and supervisors would often roll their eyes at Plaintiff and Plaintiff's Hispanic/Latino coworkers.

14. By way of further example, Plaintiff's non-Hispanic/Latino coworkers and supervisors would often mock and belittle Plaintiff and Plaintiff's Hispanic/Latino coworkers.

15. By way of further example, Plaintiff's non-Hispanic/Latino coworkers and supervisors would often give dirty looks to Plaintiff and Plaintiff's Hispanic/Latino coworkers.

16. By way of further example, Plaintiff's non-Hispanic/Latino coworkers and supervisors would often talk negatively about Plaintiff and Plaintiff's Hispanic/Latino coworkers behind their backs. On one occasion, a non-Hispanic/Latino coworker approached Plaintiff and stated "don't think that we are all the same, I just listen and say nothing" regarding the race-based harassment that filled Plaintiff's workplace. Another employee told Plaintiff to "learn English so you know when people are talking bad about you."

17. By way of further example, on one occasion, Plaintiff's non-Hispanic/Latino coworker, Kim, pushed one of Plaintiff's Hispanic/Latino coworkers and threatened Plaintiff personally with physical violence.

18. By way of further example, Plaintiff's supervisor, Debbie, subjected Plaintiff and Plaintiff's Hispanic/Latino coworkers to excessive oversight and discipline, but rarely disciplined Plaintiff's similarly situated non-Hispanic/Latino coworkers.

19. By way of further example, on one occasion, Plaintiff's team leader referred to Plaintiff and Plaintiff's Hispanic/Latino coworkers as "niggers."

20. By way of further example, Plaintiff's non-Hispanic/Latino male coworkers frequently talked about sexual intercourse in relation to Plaintiff and her female Hispanic/Latino coworkers.

21. Plaintiff reported the above examples of race-based discrimination and harassment to her supervisors on several occasions, however Defendant failed to take prompt remedial action and allowed the discrimination and harassment to continue and increase in severity.

22. Shortly after Plaintiff's complaints, Plaintiff was terminated.

23. At the time of her termination, Plaintiff was qualified for the position and was performing well.

24. Defendant discriminated against Plaintiff for opposing and/or complaining about Defendant's unlawful practices under Section 1981.

25. Defendant discriminated against, harassed and retaliated against Plaintiff in the terms and conditions of her employment because of Race (Hispanic/Latino).

26. Defendant subjected Plaintiff to a hostile work environment because of Race and because she complained about Defendant's unlawful conduct.

27. Defendant retaliated against Plaintiff because she reported or otherwise opposed Defendant's unlawful discriminatory Race-based conduct and practices.

28. Plaintiff claims a continuous practice of discrimination, harassment and retaliation and makes all claims herein under the continuing violations doctrine. Defendant exhibited a pattern and practice of not only discrimination, but also retaliation.

29. Plaintiff claims unlawful constructive and/or unlawful actual discharge.

30. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

31. Ms. Lopp continues to suffer severe emotional distress related to the unlawful conduct she experienced by Defendant.

32. Because of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, salary, bonuses, benefits and other compensations which such employment entails; as well as past and future pecuniary losses, emotional distress, humiliation, suffering, inconvenience, loss of enjoyment of life activities, and other non-pecuniary loses.

33. Plaintiff is entitled to reinstatement, damages, attorneys' fees and costs.

34. Because Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff also claims punitive damages against Defendant.

## Causes of Action

### Count I
### Section 1981 Disparate Treatment
### 42 U.S.C. § 1981

35. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

36. Section 1981 prohibits race discrimination in the making and enforcing of contracts. 42 U.S.C. § 1981.

37. The Third Circuit has stated that "a wide panoply of adverse employment actions may be the basis of employment discrimination suits under Title VII of the Civil Rights Act and 42 U.S.C. § 1981." Clark v. Twp. of Falls, 890 F.2d 611, 618-19 (3d Cir. 1989).

38. The Third Circuit has treated Section 1981 claims and Title VII claims interchangeably with respect to adverse employment actions. See, e.g., Barnees v. Nationwide Mut. Ins. Co., 598 Fed. Appx. 86, 90 (3d Cir. 2015); Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004) (a Title VII case); Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014) (a Section 1981 case).

39. Under Section 1981, both employers and individual employees can be liable for discrimination in employment. See Cardenas v. Massey, 269 F.3d 251, 268 (3d Cir. 2001) ("Although claims against individual supervisors are not permitted under Title VII, this court has found individual liability under § 1981 when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable."); Al-Khazraji v. Saint Francis College, 784 F.2d 505, 518 (3d Cir. 1986) ("employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable").

40. Defendant violated Section 1981 by intentionally discriminating against Plaintiff in a serious tangible way with respect to her compensation, terms, conditions or privileges of employment.

41. Plaintiff's race characteristics were a determinative or motivating factor in Defendant's employment actions.

42. Defendant cannot show any legitimate nondiscriminatory reason for their employment practices and any reasons proffered by the Defendant for their actions against Plaintiff are pretextual and can readily be disbelieved.

43. Plaintiff's protected status played a motivating part in the Defendant's decisions even if other factors may also have motivated Defendant's actions against Plaintiff.

44. Defendant acted with the intent to discriminate.

45. Defendant acted upon a continuing course of conduct.

46. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights and as a result there should be an award of punitive damages against Defendant.

6

47. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

### Count II
### Section 1981 Hostile Work Environment
### 42 U.S.C. § 1981

48. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

49. The standards for a hostile work environment claim are identical under Title VII and Section 1981. See, e.g., Verdin v. Weeks Marine Inc., 124 Fed. Appx. 92, 95 (3d Cir. 2005) ("Regarding [plaintiff's] hostile work environment claim, the same standard used under Title VII applies under Section 1981."); Ocasio v. Lehigh Valley Family Health Center, 92 Fed.Appx. 876, 879-80 (3d Cir. 2004) ("As amended by the 1991 Civil Rights Act, § 1981 now encompasses hostile work environment claims, and we apply the same standards as in a similar Title VII claim.").

50. While the standards of liability are identical under Title VII and Section 1981, there is a major difference in the coverage of the two provisions: under Title VII, only employers can be liable for discrimination in employment, but under Section 1981, individuals, including other employees, can be liable for racial discrimination against an employee. See Cardenas, 269 F.3d at 268; Al-Khazarji, 784 F.2d at 518.

51. Defendant subjected Plaintiff to harassment motivated by Plaintiff's race characteristics.

52. Defendant's conduct was not welcomed by Plaintiff.

53. Defendant's conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

54. Plaintiff believed her work environment was hostile or abusive as a result of Defendant's conduct.

55. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

56. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, failing to provide a reasonable way for Plaintiff to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

57. Defendant acted upon a continuing course of conduct.

58. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

### Count III
### Section 1981 Retaliation
### 42 U.S.C. § 1981

59. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

60. The Supreme Court has held that retaliation claims are cognizable under Section 1981 despite the absence of specific statutory language. CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008).

61. The Third Circuit has indicated that the legal standards for a retaliation claim under Section 1981 are generally the same as those applicable to a Title VII retaliation claim. See, e.g., Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) ("[T]o establish a prima facie retaliation claim under Title VII [or] § 1981 … , [a plaintiff] must show: (1) that he

engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action"); Khair v. Campbell Soup Co., 893 F. Supp. 316, 335-36 (D.N.J. 1995) (noting that with respect to retaliation claims, "The Civil Rights Act of 1991 extended § 1981 to the reaches of Title VII.").

62. The most common activities protected from retaliation under Section 1981 and Title VII are: (1) opposing unlawful discrimination; (2) making a charge of employment discrimination; (3) testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Section 1981. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299 (3d Cir. 1997) (filing discrimination complaint constitutes protected activity), overruled on other grounds by Burlington N. & S.F. Ry. Co. v. White, 126 S. Ct. 2405 (2006); Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997) (advocating equal treatment was protected activity); Aman v. Cort Furniture, 85 F.3d 1074, 1085 (3d Cir. 1989) (under Title VII's anti-retaliation provision "a plaintiff need not prove the merits of the underlying discrimination complaint, but only that 'he was acting under a good faith, reasonable belief that a violation existed'"); Griffiths v. CIGNA Corp., 988 F.2d 457, 468 (3d Cir. 1993); Sumner v. United States Postal Service, 899 F.2d 203, 209 (2d Cir. 1990), overruled on other grounds by Miller v. CIGNA Corp., 47 F.3d 586 (3d Cir. 1995).

63. Here, Defendant discriminated against Plaintiff because of her protected activity under Section 1981.

64. Plaintiff was acting under a reasonable, good faith belief that her right to be free from discrimination on the basis of race was violated.

65. Plaintiff was subjected to a materially adverse action at the time, or after the protected conduct took place.

66. There was a causal connection between Defendant's materially adverse actions and Plaintiff's protected activity. In determining whether a plaintiff has produced evidence of causation, courts in the Third Circuit focus on two indicia: timing and evidence of ongoing antagonism. Plaintiff will rely on a broad array of evidence to demonstrate a causal link between her protected activity and Defendants' actions taken against her, such as the unusually suggestive proximity in time between events, as well as Defendants' antagonism and change in demeanor toward Plaintiff after Defendants became aware of Plaintiff's protected activity.

67. Defendant's actions were "materially adverse" because they were serious enough to discourage a reasonable worker from engaging in protected activity.

68. Defendant acted upon a continuing course of conduct.

69. Plaintiff will rely on a broad array of evidence to demonstrate a causal link between their protected activity and Defendant's actions taken against her, such as the unusually suggestive proximity in time between events, as well as Defendant's antagonism and change in demeanor toward Plaintiff after Defendant became aware of her protected activity.

70. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and prays for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) front pay in accordance with Section 1981; and (9) all additional general and equitable relief to which Plaintiff is entitled.

### Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

Dated: October 13, 2021

/s/ Ian M. Bryson, Esquire
IAN M. BRYSON, ESQUIRE
Attorney ID No. 175762015
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Angela Rosario Robles*